UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                                  CASE NO: 2:14-cr-46-FtM-38MRM

DONNIE DERUITER

_____

**ORDER[1]**

This matter comes before the Court on Report and Recommendation of Magistrate Judge Mac R. McCoy (Doc. #85) filed on December 21, 2015.  In his Report and Recommendation Judge McCoy recommended that Defendant, Donnie Deruiter is competent to stand trial.   Defendant filed his Objections to the Report and Recommendation (Doc. #91) on February 19, 2016. Additionally, the Defendant filed a copy of his medical records under seal relating to an automobile accident in July of 1981. The Report and Recommendation is fully briefed and ripe for the Court's review.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also United States v. Farias-Gonzalez,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

556 F.3d 1181, 1184 n. 1 (11th Cir. 2009). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994). A district court may not reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness. Powell, 628 F.3d at 1256-58.

## DISCUSSION

Unquestionably, due process requires a defendant to be competent to stand trial." *United States v. Andrews,* 469 F.3d 1113, 1117 (7th Cir.2006) (quoting *United States v. Collins,* 949 F.3d 921, 924 (7th Cir.1991)). *See also Cooper v. Oklahoma,* 517 U.S. 375, 384–85, 116 S. Ct. 1373, 134 L.Ed.2d 498 (1996) (noting that the Supreme Court has "repeatedly and consistently recognized that the criminal trial of an incompetent defendant violates due process.") (internal quotation and citation omitted); *Eddmonds v. Peters,* 93 F.3d 1307,1314 (7th Cir.1996) ("The Constitution forbids trial of one who, for whatever reason, is unfit to assist in his own defense because our adversarial system of justice depends on vigorous defenses.").

Incompetency means "suffering from a mental disease or defect rendering [defendant] mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). The Defendant assumes the burden of proof to establish his incompetency by a preponderance of the evidence. *Cooper,* 517 U.S. at 355; *Battle v. United States,* 419 F.3d 1292, 1298 (11th Cir.2005); *Carter v. United States,* 2:09–CV–444–FTM–29DNF, 2010 WL 1480365, *3 (M.D. Fla. Apr. 6, 2010). The Defendant is entitled to no presumption of incompetency. *Id.* "The legal test for competency is whether

the defendant had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he had 'a rational as well as factual understanding of the proceedings against him.' " *United States v. Cruz,* 805 F.2d 1464, 1479 (11th Cir.1986) (quoting *Dusky v. United States,* 362 U.S. 402, 402, 80 S. Ct. 788, 4 L.Ed.2d 824 (1960)). "[T]he mere presence of a mental disease or defect is not sufficient to render a defendant incompetent ...." *United States v. Rothman,* No. 08–20895–CR, 2010 WL 3259927, at *7 (S.D. Fla. Aug. 18, 2010) (citing *United States v. Liberatore,* 856 F. Supp. 358, 360 (N.D. Ohio 1994)). "Incompetency to stand trial is not defined in terms of mental illness. As such, a defendant can be competent to stand trial despite being mentally ill and similarly a defendant can be found incompetent to stand trial without being mentally ill." *United States v. Williams,* No. 5:06–cr–36–OC–10GRJ, 2007 WL 1655371, at * 5 (M.D. Fla. June 7, 2007) (internal citation and quotation marks omitted); *see also Medina v. Singletary,* 59 F.3d 1095, 1107 (11th Cir.1995) (noting that "not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges.") (citation omitted).

Defendant objects to Judge McCoy's findings arguing as follows: (1) the Government cannot take the position that no evidence of brain injury was presented at the hearing because the hospital records corroborating a childhood head injury to Defendant were provided to the Government well in advance of the evidentiary hearing; (2) the Court's according more weight to the opinion of Dr. Buigas over the opinion of Dr. Ouaou was unsupported, unreasonable, and arbitrary; (3) regardless of the Court's

findings the weight of the evidence favors a finding of incompetence; and  (4) the Court erred in finding Defendant's deficits could be accommodated at trial.

*(1) Evidence of Brain Injury*

Defendant argues the Government did not produce his medical records from the Maimonides Medical Center in Brooklyn showing Defendant suffered head trauma in an auto accident for Dr. Buigas' review prior to Dr. Buigas' formulating his opinion. Defendant further argues the Government did not provide the medical report to the Court at the competency hearing even though the Government had the report in its possession. Defendant contends that the Government and Court both relied on the absence of any medical evidence—other than self-reported injuries—to discredit Defendant's expert, Dr. Ouaou.  As such, the Defendant argues that his Fifth and Sixth Amendment rights to stand trial only if he is competent were violated by the Government's failure to present all of the evidence at the hearing.

While the Defendant argues the Government did not produce the medical report to the Court at the competency hearing, neither did Defendant who also had possession of the medical report.  It is the Defendant's burden to produce evidence to support his claim of incompetence not the Government's. *United States v. Derisma*, No. 2:09-CR-64-FTM-36SPC, 2011 WL 3878367, at *2 (M.D. Fla. June 27, 2011) *report and recommendation adopted,* No. 2:09-CR-64-FTM-99SPC, 2011 WL 3878359 (M.D. Fla. Sept. 2, 2011) (citing *Cooper v. Oklahoma,* 517 U.S. 348, 355, 116 S. Ct. 1373, 134 L. Ed. 2d 498 (1996) (holding the Defendant assumes the burden of proof to establish his incompetency by a preponderance of the evidence)); *Battle v. United States,* 419 F.3d 1292, 1298 (11th Cir.2005); *Carter v. United States,* 2:09–CV–444–FTM–29DNF, 2010

WL 1480365, (M.D. Fla. Apr. 6, 2010).   Further, the Defendant had possession of the medical report and acknowledges that same was not provided to his own expert Dr. Ouaou when he made his assessment.   Thus, Defendant's objection that his Fifth and Sixth Amendment Rights were violated by the Government's failure to provide his medical report to Dr. Buigas or the Court is not well taken and the objection is overruled.

(2) *Whether the Court's According Less Weight to Dr. Ouaou's Opinion Than to the Opinion of Dr. Buigas was Unsupported, Unreasonable, and Arbitrary*

Defendant argues that the Court erred in giving more weight to Dr. Buigas' opinion because Dr. Buigas spent more time with Defendant that Dr. Ouaou.   Defendant argues that Dr. Buigas and Dr. Ouaou actually spent about the same amount of time in evaluating the Defendant.   Dr. Ouaou testified that he spent about four (4) to four and a half (4½) hours with Defendant on his second visit and an unspecified amount of time on his first visit.   Dr. Buigas spent about five (5) hours with Defendant.

In his Report and Recommendation, Judge McCoy found:

> In this case, however, the Court gives Dr. Ouaou's opinion less weight than Dr. Buigas' opinion because Dr. Ouaou evaluated the Defendant over a shorter period of time. Dr. Buigas and his staff evaluated the Defendant over the course of several weeks and administered tests for roughly "10 hours and 15 minutes." (*Id.* at 109). Dr. Buigas personally conducted examinations for five hours. (*Id.*). In contrast, Dr. Ouaou only evaluated Defendant on two occasions and only administered tests for roughly 4.5 hours. (*Id.* at 19 and 54). Courts have given more weight to evaluations conducted over a longer period of time.

(Doc. #85 at 32).

Contrary to the Defendant's objection, Judge McCoy did not merely compare the amount of time Dr. Ouaou and Dr. Buigas spent with the Defendant.   Judge McCoy considered the overall test evaluations by Dr. Buigas, his staff, and the observation time

available to Buigas and staff which came to about ten (10) hours or more than twice the amount of time spent by Dr. Ouaou.

After considering the testimony at the competency hearing, Judge McCoy gave more weight to Dr. Buigas. Judge McCoy did not err in doing so because, "when faced with diametrically opposite expert testimony, a district court does not clearly err simply by crediting one opinion over another where other record evidence exists to support the conclusion." *United States v. Bradley*, 644 F.3d 1213, 1268 (11th Cir. 2011) (citing *Battle v. United States,* 419 F.3d 1292, 1299 (11th Cir.2005) (citations and internal quotation marks omitted)). Here the record supports Judge McCoy's decision. Therefore, Defendant's objection is overruled.

*(2) Whether the Weight of the Evidence Favors a Finding of Incompetence*

The Defendant objects to Judge McCoy's recommendation of competence arguing that several of the conclusions made by Dr. Buigas in regards to Defendant's malingering, and poor ability to pay attention were not supported by the weight of the evidence. Defendant's contentions are based upon what he deems to be Dr. Buigas' lack of qualifications in the field of neuropsychology. Defendant states that Dr. Buigas made conclusions simply based upon his own opinion. Defendant notes "[t]he government expert testifies that malingering assessments administered days apart from substantive assessments nonetheless validate those substantive assessments because, in his opinion, they simply do." (Doc. #91 at 18) And "[t]he government expert testifies that he is a neuropsychologist because, in his opinion, he just simply is." (Doc. #91 at 18).

Defendant objected at the hearing to Dr. Buigas being accepted as a neuropsychologist because Dr. Buigas did not have a two (2) year post doctorial

fellowship in neuropsychology.  Dr. Buigas testified that his private practice was almost exclusively in neuropsychology for noncriminal matters.  Further Dr. Buigas testified that he has been qualified as an expert in neuropsychology in past competency hearings. After *voir dire* the Court accepted Dr. Buigas as an expert in both forensic and neuropsychology.

Defendant offers no evidence to show that the tests administered by Dr. Buigas were in any way professionally inadequate only that he doubts Buigas' opinions due to his supposed lack of qualifications in neuropsychology.  Even if Defendant's expert Dr. Ouaou was more qualified than Dr. Buigas, in neuropsychology, that would not make Dr. Buigas' opinion unqualified or suspect. *Bradley*, 644 F.3d at 1269.  The mere disagreement between experts does not disqualify one expert's opinion over the other. *Id.* As noted above, "when faced with diametrically opposite expert testimony, a district court does not clearly err simply by crediting one opinion over another where other record evidence exists to support the conclusion." *Id.* at 1268.  A review of the record and transcript of the competency hearing proves there was ample evidence to support Dr. Buigas' opinion.  Therefore, the objection is overruled.

### (3) *Whether Defendant's Deficits can be Accommodated at Trial*

Defendant objects to the Court's conclusion that his mental deficits can be accommodated at trial.  In his Report and Recommendation, Judge McCoy recommended that the Court should provide an extra assistant public defender to sit at the table with Defendant to help him understand the proceedings and to stay focused.  Defendant argues that Judge McCoy's recommended accommodations would not alleviate his cognitive disorder caused by a traumatic brain injury.  Defendant continues by arguing

that Dr. Buigas' conclusion regarding his competence to stand trial was incorrect, therefore, any accommodations provided by the Court would not make him competent. Defendant further argues that there is no pharmaceutical treatment that would improve his ability to understand the proceedings and aid his lawyer at trial. Defendant contends that an extra lawyer at the defense table and the slow pace of the trial to accommodate his mental disorders could not be explained to the jury without telling them Defendant had mental issues. Finally, Defendant argues that he could not testify on his own behalf because his support counsel could not take the stand with him.

Defendant's initial objection that Dr. Buigas' opinion is incorrect is not well taken. The Court has found that Dr. Buigas' opinion is supported by evidence in the record and affirmed Judge McCoy's recommendation that Defendant is competent to stand trial. Further having counsel assist Defendant during the trial does not mean he is not competent to stand trial. Judge McCoy made clear in his Report and Recommendation that even without extra counsel to assist the Defendant during the trial, the Defendant is still competent to stand trial. Thus, any accommodation would be of benefit to Defendant but not a necessity nor a requirement for Defendant to proceed to trial. As such, the objection is overruled.

## **CONCLUSION**

There is ample evidence in the record to support Judge McCoy's findings of fact. Further, the legal standard for competency is not disputed. Therefore, after careful consideration of the Report and Recommendation and an independent review of the file, the Court adopts, accepts, and approves the Report and Recommendation that Defendant Donnie Deruiter is competent to stand trial.

Accordingly, it is now

**ORDERED:**

Report and Recommendations (Doc. #85) is **ACCEPTED and ADOPTED** and specifically incorporated into this Order.

1.   Defendant, Donnie Deruiter, is adjudicated competent to stand trial.

2.   The Court will take under advisement the suggestion in the Report and Recommendation that extra counsel can sit at the defense table with Defendant.  The matter will be considered at the next status conference.

**DONE AND ORDERED** at Fort Myers, Florida, this 2nd day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record