UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO: 2:14-cr-46-FtM-38MRM

DONNIE DERUITER

_____

**ORDER[1]**

This matter comes before the Court on the Defendant Donnie Deruiter's Motion for Reconsideration (Doc. #95) filed on March 10, 2016.  The Government filed its Response in Opposition (Doc. #101) on March 21, 2016.  Deruiter filed a Reply (Doc. #102) to the Government's Response on March 22, 2016.  The Government filed a Motion to Strike the Reply (Doc. #103) on March 22, 2016.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Nat'l Parks Conservation Ass'n v. U.S. Dep't of Interior*, No. 2:11-CV-578-FTM-29CM, 2015 WL 476163, at *1 (M.D. Fla. Feb. 5, 2015) *(citing American Ass'n of People with Disabilities v. Hood,* 278 F.Supp.2d 1337, 1339 (M.D.Fla.2003).* "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Nat'l Parks Conservation Ass'n.*, 2015 WL 476163, at *1 (*quoting PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.,* 902 F.Supp. 1514, 1521 (M.D.Fla.1995)).  Courts have "delineated three major grounds

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent manifest injustice." *Nat'l Parks Conservation Ass'n.*, 2015 WL 476163, at *1 Unless the movant's arguments fall into one of these categories, the motion must be denied. *Id.*

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Id.* "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Id.* A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time-an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Id.* (*quoting Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Nat'l Parks Conservation Ass'n.*, 2015 WL 476163, at *1 (*quoting Mannings v. Sch. Bd. of Hillsborough Cnty.,* 149 F.R.D. 235, 235 (M.D.Fla.1993)).

On March 3, 2016, this Court accepted and adopted the Report and Recommendation of Magistrate Judge Mac R. McCoy recommending that the Defendant, Donnie Deruiter was competent to stand trial.  The Defendant now moves the Court to reconsider that decision.  As grounds, Deruiter argues that the Government did not provide its expert Dr. Buigas with a medical report showing he had a head injury when he was seven years old and did not produce the same to Judge McCoy during the competency hearing even though it had the report in its possession.  Deruiter claims the

Government and the Court relied on the lack of medical evidence to find he was competent to stand trial.

A review of the Report and Recommendation shows that neither Dr. Buigas, Dr. Ouaou, Judge McCoy, nor Counsel had a copy of the medical records at issue during the competency hearing.  Dr. Buigas stated that Deruiter self-reported that he had suffered a head injury following a motor vehicle accident at age seven but provided no records. (Doc. #85 at 22).  Dr. Buigas testified at the hearing that he was not aware of any medical records that would support Deruiter's claim of traumatic head injury nor did he ever receive same from the Government when he was performing Deruiter's evaluation.  Dr. Buigas diagnosed Deruiter with ADHD but not tramatic brain injury. (Doc. #85 at 23).

Deruiter's expert, Dr. Ouaou, also commented on Deruiter's head injury.  Dr. Ouaou stated that other than self-reported information and a scar, Deruiter had no other evidence of any traumatic impacts. (Doc. #85 at 19).  Dr. Ouaou testified that he did not know for sure whether Defendant's cognitive and psychiatric defects were the result of trauma to the head. (Doc. #85 at 19-20).  Dr. Ouaou attributed Defendant's cognitive deficits to organic brain damage, not to disinterest, inattention, or laziness. (Doc. #85 at 18-19) Dr. Ouaou stated that while having medical records would be helpful, he did not need them to conclude that Defendant has "frontal lobe damage and some type of disease that's neurological." (Doc. #85 at 19).

At the competency hearing, the Government argued that there was a lack of factual support that a head injury even occurred.   The Government continued that to the extent a head injury may have occurred, Deruiter's resultant physical condition did not meet the standards needed to be found incompetent.   Deruiter argues that the Government's

position is somewhat disingenuous because it had the medical records in its possession and did not present them to the Court.

In his Report and Recommendation, Judge McCoy relied on argument presented by the respective experts, counsel, and the record evidence which did not contain the medical records at issue.  Judge McCoy found that despite Deruiter's memory, attention deficits, and low IQ, the preponderance of the evidence showed that Deruiter's condition was not so severe as to render him incompetent to stand trial. (Doc. #85 at 37).

After the hearing and as part of his objection to the Report and Recommendation, Deruiter filed the medical report under seal (Doc. #97) with the Court on February 19, 2016.  So neither of the experts, nor Judge McCoy saw the medical report before the Report and Recommendation was issued.  Since Deruiter's medical report in question was not presented by either the Government or Deruiter at the hearing and was unavailable for Judge McCoy's consideration, the Court will grant the motion for reconsideration.  The matter will be referred back to Judge McCoy to consider his Recommendation that Deruiter is competent to stand trial in light of the medical report showing Deruiter was in an auto accident and suffered a head injury when he was seven years old.

Defense Counsel also states that in the event the Court denies reconsideration he must withdraw his representation because it puts him in conflict with Deruiter since the Court found he was also responsible for presenting the medical report at the hearing but failed to do so.  However, given that the matter will be put before the Magistrate Judge for reconsideration there is no conflict of interest that would require Counsel to withdraw.

Accordingly, it is now

**ORDERED:**

(1) Motion for Reconsideration (Doc. #95) is **GRANTED** to the extent that the matter is referred back for the Magistrate Judge to consider the effect of Deruiter's medical report on his Report and Recommendation that Deruiter is competent to stand trial.

(2) The Motion to withdraw for conflict of interest is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 11th day of April, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record