UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                             CASE NO: 2:14-cr-46-FtM-38MRM

DONNIE DERUITER

### **OPINION AND ORDER**[1]

This matter comes before the Court on Report and Recommendation of Magistrate Judge Mac R. McCoy (Doc. 186) filed on March 3, 2017. Judge McCoy recommends denying Defendant Donnie Deruiter's ("Deruiter") Motion to Dismiss Indictment. (Doc. 181). Deruiter has filed timely objections to the Report and Recommendation. (Doc. 197). The Report and Recommendation is ripe for review.

### **BACKGROUND**

On April 30, 2014, a grand jury indicted Deruiter on two counts of child pornography. (Doc. 1). Seven months later, Deruiter moved for a hearing on his competency. (Doc. 23). Since then, Deruiter's competency has been fervently debated and the subject of multiple motions, status conferences, and two competency hearings. Moreover, Deruiter's competency and the related proceedings are integral to his Motion to Dismiss. In Deruiter's Motion to Dismiss, he argued that two periods of delay were the

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Government's fault, and thus the Government violated his constitutional right to a speedy trial. (Doc. 181). Specifically he argues, the delays from December 22, 2016 until April 20, 2016 and from August 12, 2016 to the present are attributable to the Government's actions or inactions.

Judge McCoy correctly evaluated Deruiter's Motion under the *Barker* balancing test to determine if Deruiter's constitutional right to speedy trial was violated. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). Against that backdrop, Judge McCoy found that the length of delay weighed against the Government, but the other three factors weighed against Deruiter. As such, Judge McCoy recommended that Deruiter's constitutional right to a speedy trial was not violated and that his motion be denied. (Doc. 186).

**LEGAL STANDARD**

A district court may refer a motion to dismiss indictment to a magistrate judge. *See* 28 U.S.C. § 636(b)(1). The district court must make a *de novo* determination of the report or specified proposed findings or recommendations to which specific objections are made. *See* 28 U.S.C. 636(b)(1). "A specific objection must identify the portions of the proposed findings and recommendation to which objection is made and the specific bases for objection." *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citation omitted). After a careful review of a report and recommendation, the district court may adopt, reject, or modify the magistrate judge's finding and recommendation. 28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010); *see also Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982). The district court must review legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

A violation of speedy trial must end in dismissal of the indictment. *Strunk v. United States*, 412 U.S. 434, 440, (1973). Courts approach speedy trial cases on an *ad hoc* basis and consider four factors when deciding whether a defendant has been deprived of his right. *Barker*, 407 U.S. at 530. The factors are the (1) length of delay; (2) reason for delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. *Id.* "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Beavers v. Haubert*, 198 U.S. 77, 87 (1905). The right to a speedy trial is "amorphous," "slippery," and "necessarily relative." *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (citation omitted). Here, Deruiter objects only to Judge McCoy's findings on the second and third *Barker* factors. (Doc. 197). The Court will address these factors in turn.

**A.    Reason for Delay**

Deruiter raises three objections to Judge McCoy's findings concerning the second *Barker* factor. (Doc. 197). First, he argues that the Government failed to timely request additional testing for Dr. Buigas. (Doc. 197 at 2). Second, Deruiter maintains that Judge McCoy incorrectly concluded that Deruiter conceded he could have introduced the additional medical records at the first competency hearing. Indeed, Deruiter maintains that it was impossible and unnecessary for him to do so. (Doc. 197 at 5). Finally, Deruiter argues that he is not responsible for any delay associated with the volume of additional medical records. (Doc. 197 at 8).

The second *Barker* factor asks "whether the government or the criminal defendant is more to blame for th[e] delay . . . ."[2] *Doggett v. U.S.*, 505 U.S. 647, 651 (1992). "The government bears the burden of establishing valid reasons for the delay." *United States v. Villarreal*, 613 F.3d 1344, 1351 (11th Cir. 2010) (citation omitted). Different reasons for delay are attributed different weight. *See United States v. Avalos*, 541 F.2d 1100, 1111 (5th Cir. 1976). Reasons for delay fall into three categories: (1) deliberate delay; (2) negligent delay; or (3) justified delay. *Id.* at 1111-13. A deliberate delay can be categorized as "[a] deliberate attempt to delay the trial in order to hamper the defense" and it is "weighed heavily against the government." *Barker*, 407 U.S. at 531. A negligent delay "should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." *Id.* Finally, a "valid reason" justifies appropriate delay. *Id.*

Generally, courts have found that delays associated with competency hearings are valid reasons to delay. *See United States v. Walker*, No. 3:09CR366-HEH, 2010 WL 2976049, at *6 (E.D. Va. July 28, 2010) (discussing the second prong of the *Barker* analysis when a delay is attributed to a mental capacity defense); *see also United States v. Abou-Kassem*, 78 F.3d 161, 167 (5th Cir. 1996) (finding that defendant waived his right to speedy sentencing when he filed, after his conviction, a motion to determine his then-mental condition); *United States v. Jackson*, 542 F.2d 403, 407 (7th Cir. 1976) (attributing time associated with psychiatric evaluation to defendant and attributing delay associated

---

[2] Due to the nature of this case, it must also be noted that a defendant's attorney is his agent "when acting, or failing to act, in furtherance of the litigation [and] delay caused by the defendant's counsel is also charged to the defendant." *Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (citation, internal quotations omitted).

4

with evaluation by Government's expert as a neutral reason). Other courts have found delays associated with a defendant's incompetence as not violating speedy trial considerations. *See e.g.* Lokos v. Capps, 625 F.2d 1258, 1268 n.5 (5th Cir. 1980) (recognizing delays associated with incompetence do not violate due process on speedy trial grounds).

*1. Government's Request for Additional Testing*

Deruiter contends that he is not responsible for any time attributable to the Government's request for additional testing because he informed the Court and Government that his expert, Dr. Ouaou, may require additional testing on May 10, 2016. (Doc. 183 at 4-6). He also contends that the Government failed to timely request additional testing on June 7, 2016. (Doc. 183 at 4-6). Therefore, he argued that the Government's sudden change in stance and the time associated with Dr. Buigas' additional testing is not chargeable to Deruiter.

As this case has a long history of competency related issues, the Court will provide a truncated timeline. On March 10, 2016, the Court found Deruiter competent to stand trial. (Doc. 94). Deruiter moved for reconsideration based on the Government's failure to provide medical records to Dr. Buigas or the Court. (Doc. 95). The motion was granted and "referred back to the Magistrate Judge to consider the effect of Deruiter's medical report on his [r]eport and [r]ecommendation that Deruiter is competent to stand trial."[3] (Doc. 107). Judge McCoy held a status conference on May 10, 2016, where Deruiter indicated that additional testing was "contemplated." (Doc. 183 at 10). At that same

---

[3] This Court found that because "Deruiter's medical report . . . was not presented by either the Government or Deruiter at the hearing and was unavailable for Judge McCoy's consideration, the Court will grant the motion for reconsideration." (Doc. 107)

5

hearing, the Government indicated that Dr. Buigas' initial impression was that he would not need additional testing. (Doc. 183 at 5, 10). The next day, the Court ordered the Government to advise it by June 7, 2016, if Dr. Buigas needed "additional testing and/or observation of [Deruiter] in order to generate the written addendum to his previous report." (Doc. 121). At the June 7, 2016 status conference, Judge McCoy ordered a *de novo* hearing on Deruiter's competency.[4] (Doc. 123). The Government unsuccessfully moved for reconsideration. (Doc. 132).

The Government thereafter moved for additional testing because "[t]he Court did not set the scope of [the competency hearing] until its recent rulings" and Dr. Buigas "indicated that additional observation of the defendant would be advisable . . . ." (Doc. 134). The Government's motion was granted because, in part, Dr. Ouaou's report went beyond the additional medical records at issue and included "comments concerning the relative qualifications, methodologies, prior findings, and prior testimony of the opposing expert, Dr. Buigas." (Doc. 137). And "some of the supplemental positions staked out in Dr. Ouaou's report were not anticipated when the Court ordered Dr. Buigas to review the medical records." *Id.*

In his supplemental report, Dr. Ouaou's evaluates supplemental medical records, additional testing, and Dr. Buigas' report and prior testimony. In fact, a substantial portion of Dr. Ouaou's report is dedicated to assessing Dr. Buigas' methodology. While Deruiter is correct in his stance that Dr. Ouaou's additional testing was contemplated, Dr. Ouaou's analysis of Dr. Buigas' was not contemplated. Further, the scope of the hearing was not

---

[4] The Government opposed a *de novo* review arguing that the April 11, 2016 Order did not require an additional hearing or, alternatively, any additional hearing should be limited in scope to the new medical records. (Doc. 123).

set until Judge McCoy ordered the *de novo* review on June 8, 2016. (Doc. 123). A *de novo* hearing that Deruiter requested. The actions of Deruiter's expert, through the expansion of the supplemental report, lead, in part, to the granting of Dr. Buigas' request for additional testing. Therefore, Deruiter is responsible for the delay through the actions of his expert and his request for a *de novo* hearing. Even if this Court were to charge the time associated with the additional testing to the Government, the delay is due to a valid reason. Therefore, the objection is overruled.

*2.    Medical Records at Competency Hearing*

Next, Deruiter objects to Judge McCoy's finding that he conceded there was an opportunity to introduce medical records at the first competency hearing. Deruiter maintains it was "unnecessary" and "impossible" to introduce the records. (Doc. 197 at 5). Judge McCoy's evaluation of Deruiter's position matters little to this Court's analysis because it is the defendant's burden to prove that he is incompetent to proceed.[5] (Doc. 94 at 4). At the first competency hearing, Deruiter had the medical records, but failed to bring them to the attention of Dr. Oauao or use them to cross-examine Dr. Buigas.

Deruiter argues evidentiary rules precluded him from introducing the medical records. Yet Deruiter did not attempt to introduce these records at the first competency hearing. (Doc. 76). A timely attempt to introduce the medical records during the first competency hearing could have changed the course of this case and nullified the need

---

[5] *See United States v. Derisma*, No. 2:09-CR-64- FTM-36SPC, 2011 WL 3878367, at *2 (M.D. Fla. June 27, 2011) report and recommendation adopted, 2011 WL 3878359 (M.D. Fla. Sept. 2, 2011) (citing *Cooper v. Oklahoma*, 517 U.S. 348, 355 (1996) (holding the Defendant assumes the burden of proof to establish his incompetency by a preponderance of the evidence)); *Battle v. United States*, 419 F.3d 1292, 1298 (11th Cir.2005); *Carter v. United States*, 2:09-CV-444-FTM-29DNF, 2010 WL 1480365, (M.D. Fla. Apr. 6, 2010).

for a second competency hearing. But again Deruiter did not attempt to introduce the records. As it stands, Deruiter's contention amounts to nothing more than a hypothetical. Deruiter's objection is overruled.

*3.     Volume of Medical Records*

Deruiter disputes any responsibility connected to the 1,500 pages of medical records because he provided the records to the Government before the first competency hearing. Deruiter also argues that the only reason these records are at issue is because the Government used the "purported absence of any medical records as an argument antagonistic to [Deruiter's] competency claim." (Doc. 197). Judge McCoy notes that in Deruiter's motion for reconsideration he relied on a twenty-five-page report, but later expanded the universe of additional medical records to be considered by the Court. (Doc. 186 at 5). But Judge McCoy does not rely on or even mention this finding to determine responsibility for the delay. (Doc. 186 at 14-22). Nonetheless, it is the defendant's burden to produce evidence to support an incompetence claim, and Deruiter's failure to present these records at the first competency hearing caused the delay. The Court will not divorce Deruiter's responsibility to present evidence from the reason for delay simply because the records were previously provided to the Government. Thus, Deruiter's objection is overruled. In conclusion, after a thorough review of the record and Deruiter's objections, the second *Barker* prong weighs against Deruiter.

**B.     Assertion of the Right to Speedy Trial**

Next, Deruiter argues that his continuance requests are inconsequential because the competency proceedings were pending. Instead, Deruiter avers that Government's purported delay is actually pertinent. A defendant's assertion of his constitutional right to

speedy trial is the third prong of the *Barker* analysis. *See Barker*, 407 U.S. 514, 530. "The Speedy Trial Clause primarily protects those who assert their rights, not those who acquiesce in the delay – perhaps hoping the Government will change its mind or lose critical evidence." *United States v. Lamar*, 562 F. App'x 802, 806 (11th Cir. 2014) (citation omitted). When a defendant acquiesces to a delay, the third factor is to be weighed heavily against him. *Id.* (citing *United States v. Villarreal*, 613 F.3d 1344, 1349 (11th Cir. 2010)). The weight given to a speedy trial assertion varies based on the circumstances of a defendant's demand. *Villarreal*, 613 F.3d at 1354 (citation omitted). "A long and unexplained silence must be weighed against [defendant] and in favor of the government." *United States v. Castellana*, 461 F. Supp. 233, 239 (M.D. Fla. 1978).

Here, Deruiter does not deny that he raised his right to speedy trial only twice before moving to dismiss the indictment on the same grounds.[6] (Doc. 197). But he argues that his continuance requests are inconsequential because of the competency proceedings. Other courts have considered continuances or the failure to object to continuances in their *Barker* analysis. *See e.g., United States v. Twitty*, 107 F.3d 1482, 1490 (11th Cir. 1997); *United States v. Register*, 182 F.3d 820, 827 (11th Cir. 1999) (recognizing a defendant's invocation of his right to speedy trial when defendant also requested continuances). The Court sees no reason to ignore Deruiter's continuance requests as long as they are evaluated in the proper context. The continuances occurred, as did the invocations of Deruiter's right to speedy trial, during the process of determining his competency. Deruiter has moved for more than twenty continuances in this case,

---

[6] Deruiter raised his right to speedy trial in his Response to Government's Motion to Re-Evaluate, objection to Government's Motion to Continue *De Novo* Competency Hearing, and Motion to Dismiss Indictment. (Doc. 136; Doc. 178; Doc. 185).

including four since his first speedy trial objection. Based on Deruiter asserting his speedy trial right only two times, his multiple requests for continuances, and his responsibility for the delays, the Court finds that the third *Barker* prong weighs against him.

As an aside, Deruiter argues that violation of the Speedy Trial Act does not bar a court from finding a violation of a defendant's constitutional right for speedy trial. Deruiter correctly asserts that "[a] delay of sufficient length may be a constitutional violation, even though it is not a violation of the Speedy Trial Act." *Twitty*, 107 F.3d at 1490 (citation omitted). Even so, "it will be an unusual case in which time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated." *United States v. Saintil*, 705 F.2d 415, 418 (11th Cir. 1983) (citation omitted). Here, Deruiter did not argue that his rights under the Speedy Trial Act were violated and based on the Court's own analysis, no violation of that statute took place.

## CONCLUSION

In sum, the first *Barker* factor weighs against the Government. But the second, third and fourth factors weigh against Deruiter.[7] Thus, the Government did not deprive Deruiter of his constitutional right to a speedy trial. The Court accepts and adopts the Report and Recommendation over Deruiter's objections.

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 186) is **ACCEPTED and ADOPTED** and the findings incorporated herein.

---

[7] Judge McCoy found that the first factor weighed against the Government and the fourth factor weighed heavily against Deruiter. (Doc. 186). The Court agrees.

10

2. Deruiter's Motion to Dismiss (Doc. 181) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this April 8, 2017.

*SHERI POLSTER CHAPPELL*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record