UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                         CASE NO: 2:14-cr-46-FtM-38MRM

DONNIE DERUITER

## **OPINION AND ORDER**[1]

This matter comes before the Court on Report and Recommendation from Magistrate Judge Mac R. McCoy (Doc. 208) issued on May 16, 2017. Judge McCoy recommends that Defendant Donnie Deruiter is competent to stand trial. Deruiter filed Objections to the Report and Recommendation (Doc. 211) on June 16, 2017.[2] The Government has not filed a response to Deruiter's Objections and the time do so has expired. The Court has reviewed the transcript of the hearing, Report and Recommendation, and reports in the record. The matter is ripe for review.

## **BACKGROUND**

A grand jury indicted Deruiter on two counts of child pornography. (Doc. 1). Thereafter, Deruiter moved for a hearing on his competency. (Doc. 23). Since then, Deruiter's competency has been zealously contested. It has been the subject of two

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] Deruiter sought, and the Court granted, additional time to file objections to the Report and Recommendation. (Doc. 209) (Doc. 210).

competency hearings, several reports, multiple motions, and numerous orders. Because the parties are familiar with the background, and it is exhaustively discussed in the Report and Recommendation, the Court will only detail the salient facts.

A *de novo* competency hearing was held before Judge McCoy. (Docs. 200; 202). The hearing included expert testimony from Dr. Robert Ouaou and Dr. Rodolfo Buigas, the introduction of evidence, and argument of counsel. (Docs. 200; 202). At the hearing, Deruiter challenged one prong of the *Dusky* standard, his "ability to assist properly in his defense."[3] (Docs. 200 at 39-41; 208 at 50). Judge McCoy issued a Report and Recommendation finding Deruiter competent to proceed to trial. (Doc. 208). In his Report and Recommendation, Judge McCoy gave more weight to Dr. Buigas' opinion due, in part, to his superior qualifications in forensic psychology. (Id. at 47). Judge McCoy considered the parties competing positions regarding Deruiter's alleged traumatic brain injury, Deruiter's low IQ, Deruiter's attention deficits, and Deruiter's memory deficits, separately and in combination. (Id. at 51). Now, Deruiter objects to the Report and Recommendation. (Doc. 211).

**LEGAL STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A district court "shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." Id. A *de novo* review does not require

---

[3] The Supreme Court in *Dusky v United States* established a competency test that requires a district court to determine "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether [defendant] has a rational as well as factual understanding of the proceedings against him." 362 U.S. 402, 402 (1960) (internal quotations omitted).

2

a new hearing. *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). Rather, it requires an independent review of factual issues, and if a magistrate judge makes findings based on testimony, a review of the transcript. *Id.* But, a district court may not reject a credibility analysis without rehearing disputed testimony. *See United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010). And, all legal conclusions are reviewed *de novo*, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

**DISCUSSION**

"The due process clause of the Constitution prohibits the conviction of an incompetent defendant." *U.S. v. Rinchack*, 820 F.2d 1557, 1569 (11th Cir. 1987) (citations omitted). Incompetence means "suffering from a mental disease or defect rendering [defendant] mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "The legal test for competency is whether the defendant had 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and whether he had a 'rational as well as factual understanding of the proceedings against him.'" *U.S. v. Cruz*, 805 F.2d 1464, 1479 (11th Cir. 1986) (*quoting Dusky v. United States*, 362 U.S. 402, 402 (1960)). Here, Deruiter is solely contesting whether he has sufficient present ability to consult with his lawyer. (Doc. 200 at 39).

Deruiter argues that (1) he does not have the burden to prove he is incompetent, but if he does, his right to due process was violated by the Government's failure to identify the unidentified individuals Dr. Buigas spoke with regarding Deruiter; (2) Dr. Buigas is

3

discredited; and (3) the weight of the evidence still favors a finding of incompetency. (Id.). And, if the Court accepted the Report and Recommendation, Deruiter requests that the Court receive further evidence under Fed. R. Crim. P. 59(b)(3) or order an examination under 18 U.S.C. § 4247(b). (Id.). Deruiter also argues that Judge McCoy erred in finding his deficits can be accommodated at trial. (Id.). The Court will address each objection in turn.

**A. First Objection**

1. Burden of Proof in a Competency Proceeding

Deruiter argues that Judge McCoy improperly placed the burden on him to prove his incompetency. (Id. at 1-6). Deruiter relies on *United States v. Makris* for the proposition that the Government has the burden to prove a defendant incompetent. 535 F.2d 899, 905-906 (5th Cir. 1976). In *Makris*, the Fifth Circuit found that "the government has the burden of proving defendant competent to stand trial at the s 4244 hearing or its *nunc pro tunc* substitute." Id. at 906. Deruiter argues that *Makris* has not been overruled and is still binding. (Doc. 211 at 1-6).

But, this Court previously determined that a defendant has the burden to prove incompetency. See (Docs. 94 at 4; 204 at 7). See also *U.S. v. Raiola*, 215CR106FTM38MRM, 2017 WL 218830, at *2 (M.D. Fla. Jan. 19, 2017). The Eleventh Circuit, addressing an appeal from a pretrial substantive competency determination, found that the burden rests with the defendant. See *U.S. v. Bradley*, 644 F.3d 1213, 1268 (11th Cir. 2011) (citation omitted). In addition, the Supreme Court has briefly addressed the issue, albeit in *dicta. See Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996). While addressing whether a state can have a heighted standard to determine competency, the

Supreme Court noted that "Congress has directed that the accused in a federal prosecution must prove incompetency by a preponderance of the evidence." *Id.* (*citing* 18 U.S.C. § 4241). Magistrate Judge McCoy correctly found that the burden rests with Deruiter. Deruiter's objection is overruled.

2. Deruiter's Due Process Rights Were Violated Because the Government Introduced Evidence of Deruiter's Behavior Observed by Third Parties

Deruiter argues that Dr. Buigas' reliance on third parties, namely correctional staff, violated his due process rights because the Government failed to provide reciprocal discovery regarding these unidentified third parties. (Doc. 211 at 6-12). Before the competency hearing, Deruiter moved to compel the names and titles of the correctional staff and the information that each individual provided. (Doc. 160 at 8). Judge McCoy denied Deruiter's motion, in part, because he failed to cite authority supporting his position. (Doc. 168 at 8). Here, Deruiter again fails to cite authority that supports his position. Deruiter's objection is overruled.

**B. Second Objection – Dr. Buigas is Entirely Discredited**

Judge McCoy found that neither party successfully challenged the credibility of the opposing expert but gave more weight to Dr. Buigas' testimony on the ultimate issue – Deruiter's competency. (Doc. 208 at 47). Judge McCoy outlined his credibility determination in great detail. (*Id.* at 46-49). Contrary to Judge McCoy's finding, Deruiter argues that Dr. Buigas is discredited. To start, he argues that Dr. Buigas did not establish himself as an expert in neuropsychology. (Doc. 211 at 12-14). Deruiter then contends that Dr. Buigas' neuropsychological examinations were invalid because he (1) failed to administer a complete neuropsychological battery; (2) failed to conduct the test battery within one day; and (3) failed to conduct at least one stand-alone assessment for

malingering neurological deficits. (*Id.* at 30). Finally, Deruiter argues that Dr. Buigas' failure to give Deruiter's IQ "much thought" discredits his opinion. (*Id.* at 31). In essence, Deruiter takes exception to Judge McCoy's giving Dr. Buigas' testimony greater weight.

Simply because experts disagree on a subject does not mean that a court errs be crediting one expert over another. In other words, "[f]aced with diametrically opposite expert testimony, a district court does not clearly err simply by crediting one opinion over another where other record evidence exists to support that conclusion." *Battle v. U.S.*, 419 F.3d 1292, 1299 (11th Cir. 2005) (citations and internal quotations omitted). Absent a showing that an evaluation by an expert was professionally inadequate, a court does not err by relying on an expert's report. *Bradley*, 644 F.3d at 1268. (citation omitted).

To start, sufficient facts establish Dr. Buigas as an expert in neuropsychology. Dr. Buigas testified that he received training in neuropsychology, teaches neuropsychology, and his civil practice is primarily focused on neuropsychology. (Doc. 202 at 148-149, 152). A review of the record supports Judge McCoy's finding that Dr. Buigas is an expert in neuropsychology. Judge McCoy also considered Deruiter's arguments concerning a comprehensive neuropsychological evaluation, testing timeframe, and the relative strength of standalone assessments compared to embedded measures. (Doc. 208 at 48). Judge McCoy found, and the Court agrees, that neither expert's approach was necessarily superior. Further, neither expert's approach was professionally inadequate.

Deruiter next argues that Dr. Buigas' testimony must be given less weight because he failed to conduct an IQ test or give Deruiter's IQ "much thought." But, Dr. Buigas testified that an IQ score is not part of the criteria to determine competency. (Doc. 202 at 272). Dr. Buigas also distinguished the importance of an IQ determination when making

6

a pure neuropsychological examination and the issue he was evaluating. (*Id.* at 291). In contrast, Dr. Ouaou opined that a complete neuropsychological assessment requires an IQ determination. (*Id.* at 51). And, if an IQ test is not administered, the formulations on "certain tests" would be "questionable or difficult to make." (*Id.* at 51). In this instance, the Court does not find that Dr. Ouaou's opinion is entitled to more weight because Dr. Buigas chose not to test Deruiter's IQ.[4] Judge McCoy's determination is supported. Deruiter's objections are overruled.

**C. Third Objection – The Weight of the Evidence Still Favors a Finding of Incompetency**

Deruiter argues that the "weight of the evidence favors a finding of incompetency based on numerous insurmountable deficiencies in the testimony of Dr. Buigas."[5] (Doc. 211 at 37). Deruiter objects to Judge McCoy's finding that Dr. Ouaou's diagnosis of major neurocognitive disorder secondary to brain trauma is unsupported. (*Id.*). He cites Dr. Buigas' reversal of opinion concerning the ability to diagnose major neurocognitive disorder secondary to brain trauma without medical records to support his argument. (Docs. 208 at 53; 211 at 47). Deruiter also argues that the "forensic testing" performed by Dr. Buigas was unhelpful, and the Government created the term. (Doc. 211 at 49).

Judge McCoy found that the record did not support Dr. Ouaou's diagnosis of major neurocognitive disorder secondary to traumatic brain injury. (Doc. 208 at 51). Judge McCoy based his finding, in part, on the criteria established in the Diagnostic and

---

[4] The Court also notes that Deruiter does not argue that he is incompetent based on his IQ.
[5] Deruiter also incorporated his previous arguments into this section. After a *de novo* review, the Court overrules the objections based on the record and affirms Judge McCoy's findings.

7

Statistical Manual of Mental Disorders (DSM-5). (*Id.* at 51). While Dr. Ouaou maintained that he did not need records to make his diagnosis, he also testified that they would be helpful. (Doc. 202 at 143). When questioned if the additional medical records met all the criteria established in the DSM-5, Dr. Ouaou testified that the records from Maimonides did not meet the criteria. However, he testified that the North Collier Hospital records evidencing posttraumatic headaches "might be construed as a neurological sign" or, in other words, might meet one of the criterion. (*Id.* at 110-116). In contrast, Dr. Buigas did not think a posttraumatic headache was enough to establish the diagnosis under the DSM-5. (*Id.* at 224). Dr. Buigas testified the medical records corroborated his conclusion that no traumatic brain injury occurred as identified under the DSM-5. (*Id.* at 232-233). Dr. Buigas conceded it is possible to diagnosis an individual with major neurocognitive disorder secondary to traumatic brain injury. (*Id.* at 276-278). But, he also testified that etiology is important, and he would not diagnose that condition. (*Id.* at 276-278). Based on the testimony and lack of objective records supporting Dr. Ouaou's diagnosis, Judge McCoy found that the diagnosis was unsupported. (Doc. 208 at 52). As previously stated, a court does not necessarily err when it credits one expert over another, even if the experts present opposing testimony. *Battle*, 419 F.3d 1292 at 1299. The Court agrees with Judge McCoy's finding and therefore the objection is overruled.

Next, Deruiter argues that the issue that Dr. Buigas did not run "forensic tests" is a false issue. (Doc. 211 at 47). He argues that the sole issue before this court is that his neurocognitive disorder makes him unable to assist in his defense. (*Id.* at 52). The Court sees no reason to ignore Dr. Buigas' objective tests. In particular, where a test measures an individual's ability to consult with an attorney, it would make little sense to disregard it.

(Doc. 202 at 183-184). After a *de novo* review of Judge McCoy's findings that Deruiter objected to, the evidence supports the Report and Recommendation.

D. **Fourth Objection – Request for Further Evidence Under Fed. R. Crim. P. 59(b)(3) or an Additional Examination Under 18 U.S.C. § 4247(b)**

After a careful review of the record, the Court does not need to receive additional evidence under Federal Rule of Criminal Procedure 59(b)(3). The Court overrules Deruiter's objections. Moreover, the competency determination originated from Magistrate Judge Frazier previous order requiring a psychiatric or psychological evaluation under 18 U.S.C. §§ 4241 and 4247. (Doc. 23). Deruiter has been examined by two experts on multiple occasions, and the Court reviewed the record, reports, and testimony. Considering the well-developed record, there is no need to order an additional examination.

E. **Fifth Objection – Deruiter's Deficits Cannot Be Accommodated at Trial**

Deruiter objects to Judge McCoy's findings that Deruiter may be aided at trial via accommodation. (Doc. 211 at 59). However, Judge McCoy clarified in his Recommendation "that [Deruiter] is competent to stand trial in this case even without accommodation." (Doc. 208 at 61). Because the Court overruled Deruiter's objections, there is no need to address accommodations at this point. If this matter proceeds to trial, accommodations can be discussed at the final pretrial conference.

## CONCLUSION

The record evidence supports Judge McCoy's findings of fact. After a thorough and independent review of the Report and Recommendation, file, and law, the Court adopts, accepts, and approves the Report and Recommendation over Deruiter's objections. The Court finds Deruiter competent to stand trial.

Accordingly, it is now

**ORDERED:**

Judge McCoy's Report and Recommendation ([Doc. 208](Doc. 208)) is **ACCEPTED and ADOPTED** and incorporated into this Order. Defendant Donnie Deruiter is competent to stand trial.

**DONE AND ORDERED** at Fort Myers, Florida, this August 3, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record